(No. 2969—)

OLGA BARICA, as Administratrix of the Estate of Evelyn Barica, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 12, 1937.*

BENJAMIN S. ADAMOWSKI, H. IRVING RIPSTRA and WILLIAM F. COPPER, for claimant.

OTTO KERNER, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

Mr. Justice Yantis delivered the opinion of the court:

On the 10th day of September, A. D. 1935, according to the amended complaint filed herein, Evelyn Barica was riding as a guest in a Ford delivery truck, owned by Joseph Handzel and driven at the time by the latter's son Edward Handzel. That at or near the intersection of First Avenue and North Avenue, in Leyden Township, Cook County, Illinois, the auto in which said Evelyn Barica was riding was struck by an automobile bus owned by the St. Charles School for Boys, and then and there driven by one Clarence Johnson, an employee of said school; said St. Charles School for Boys, as alleged by claimant, having been created and established by an Act of the General Assembly of the State of Illinois, in force July 1, 1901; that as a direct result of such collision Evelyn Barica sustained bodily injuries from which she died on the 10th day of September, A. D. 1935. Deceased left surviving, her father Andrew Barica, who also is now deceased, her mother, Olga Barica, who as Administratrix of the Estate of Evelyn Barica, files this claim, and two sisters and a brother as her only next of kin. Claimant seeks an award of Ten Thousand ($10,000.00) Dollars.

The Attorney General has filed a motion on behalf of respondent to dismiss the claim, for the reason that same is predicated solely on the alleged liability of respondent for an alleged negligent act of one of its employees, for which the State is not legally liable.

The court has been called upon repeatedly to pass upon claims of a similar nature. The opinion of the court has been frequently expressed as follows:

"The State as a sovereign power, is not liable for damages, injuries or death resulting from the negligence of its officers or employees. The doctrine of *Respondeat Superior* does not apply to the State."

The views of the court are expressed at length in *Crabtree* vs. *State*, 7 C. C. R. 207 and *Childress* vs. *State*, 8 C. C. R. 223.

The motion of the Attorney General to dismiss the claim is allowed, and the claim is dismissed.